UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MENELAO ZARATE (A-Number: 074-053-519),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-5068-TLN-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Menelao Zarate, a 64-year-old citizen of Cuba, entered the United States lawfully with humanitarian parole in 1991. On November 12, 2025, ICE arrested petitioner in Puerto Rico.[1] He has been held in immigration custody since that date without a bond hearing.

Petitioner, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention violates due process, the Immigration and Nationality Act, and is arbitrary without justification. Respondent argues that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). The matter has been referred to me to decide the merits of the petition. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

[1] Respondent's evidence indicates that "HSI Special Agents and Task Force Officers" arrested petitioner. ECF No. 6 at 8. For simplicity, I will refer to the arresting officials as "ICE."

**Background**

Petitioner is a citizen of Cuba, and respondent's Form I-213 indicates that he was paroled into the United States on humanitarian parole in 1991. ECF No. 6 at 7. There is no indication that petitioner's parole was ever terminated or revoked. *Id*. On November 12, 2025, ICE detained petitioner and issued him a Notice to Appear (Form I-862) in immigration court pursuant to 8 U.S.C. § 1229a. *Id*. at 11. The charging document alleges that petitioner entered the United States in 1991 but that he was "not then admitted or paroled. . . ." in violation of INA § 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A). *Id*.

Respondent asserts that petitioner was arrested for carrying a concealed weapon, possession of marijuana, and possession of cocaine in 1997 and possession of cocaine in 2000. *Id*. at 8-9. The record does not show that petitioner was charged or convicted of any crimes, and respondent has provided no criminal records for petitioner. *Id*.

Respondent's Form I-213 includes a custody determination that petitioner will be held in ICE custody pending proceedings/removal but cites no specific authority for his detention.[2] *Id*. at 9. Petitioner has not been provided with a bond hearing since he was detained in November of last year. ECF No. 1 at 6.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction

[2] Respondent's Form I-213 also includes a processing disposition of "Notice to Appear Released (I-862)." *Id.* at 7. Respondent provides no explanation for this apparent discrepancy.

includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner argues that his detention violates the Immigration and Nationality Act, including 8 U.S.C. § 1226. ECF No. 1 at 6. Respondent counters that petitioner's detention is mandatory pursuant to section 1226(c) but does not specify which subsection applies. ECF No. 6 at 1. Additionally, none of respondent's submitted evidence cites any specific statutory authority that the agency relied upon for petitioner's detention. *Id*. at 6-13. Under section 1226(c)(1), there are five separate subsections involving unique bases for mandatory detention.[3] Subsections (A), (B), and (C) all require the commission or conviction of certain crimes. Respondent has not argued or provided evidence that supports petitioner committed or was convicted of any crimes. *See generally* ECF No. 6. Subsection (D) involves terrorist activities, and respondent has not argued or presented any evidence that this is applicable.

This leaves the Laken Riley Act provisions under subsection (E), which include arrest for "burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E). While respondent argues that petitioner has arrests for cocaine possession, carrying a concealed weapon, and possession of marijuana, and possession of cocaine, none of these applicable to 8 U.S.C.

---

[3] The Attorney General shall take into custody any alien who--

(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence1 to a term of imprisonment of at least 1 year,

(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, or

(E)(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and

(ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person,

when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

§ 1226(c)(1)(E). Additionally, the Notice to Appear (Form I-862) does not charge petitioner with a Laken Riley predicate. ECF No. 6 at 11. Rather, petitioner is charged with being an "alien present without admission or parole" under 8 U.S.C. § 1182(a)(6)(A)(i). *Id*. The NTA must specify "[t]he nature of the proceedings against the [noncitizen]," "the legal authority under which the proceedings are conducted," and "the acts of conduct alleged to be in violation of the law." 8 U.S.C. § 1229(a)(1). In *In re Kotliar*, 24 I&N Dec. 124 (March 21, 2007), the BIA emphasized the importance of including in the NTA any ground for removal that "subjects [a noncitizen] to mandatory detention." *Id.* at 127. This is because the "charging document serves as notice to the alien of the circumstances relied on by the DHS to detain him." *Id.*; *see also Colmenares-Pinto v. Warden of the Golden State Annex ICE Det. Fac.*, No. 1:26-cv-0812-DAD-SCR, 2026 WL 923804, at *5 (E.D. Cal. Apr. 3, 2026) ("The plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered under 8 U.S.C. § 1182(a)(2) as a prerequisite to mandatory detention under that provision."), *report and recommendation adopted*, 2026 WL 1430913 (E.D. Cal. May 21, 2026); *Miao v. Chestnut*, No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026) (rejecting the respondent's mandatory detention argument because grounds were not charged in NTA). Therefore, I conclude that petitioner is not lawfully detained under section 1226(c), and his detention is not mandated by that statute.

Given this finding, I must determine the appropriate remedy. Petitioner requests release or, alternatively, any other relief, which could include a bond hearing. ECF No. 1 at 7. Respondent only argues that the petition and all relief should be denied. ECF No. 6 at 5. Respondent has also provided no additional argument to support any risk of flight or danger if petitioner is released. ECF No. 6. Additionally, respondent's filing indicates that petitioner's only arrests are at least twenty-six years old and none have resulted in charges, let alone convictions. ECF No. 6 at 8-9. Significantly, respondent has not argued that any other authority applies to petitioner besides section 1226(c).

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v.*

*Geren*, 553 U.S. 674, 693 (2008); *see also Thuraissigiam* at 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Habeas is an equitable remedy and "[f]ederal courts have a fair amount of flexibility" to tailor the remedy to the constitutional violation. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005); *see also Roman v. Wolf*, 977 F.3d 935, 942 (9th Cir. 2020) ("Once a constitutional right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies.").

Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's detention. *See Munaf*, 553 U.S. at 693. Petitioner's due process rights have been violated such that the provision of a bond hearing is constitutionally insufficient. *See Feng v. Lyons*, No. 1:26-cv-0235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (holding that even petitioner's subject to section 1226(a) must be provided a statutorily mandated bond hearing). Petitioner has been detained for over nine months without legal justification or a bond hearing. Moreover, there is no indication that petitioner has any criminal convictions or that he has had any encounters with law enforcement in over two decades.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 074-053-519) from its custody. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a pre-deprivation bond hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE